# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN GORE,

:

    Petitioner,                                             Case No. 1:09-cv-133

:           District Judge S. Arthur Spiegel

  -vs-                                             Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Facility,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Brian Gore. He seeks relief from his conviction in the Hamilton County Common Pleas Court on counts of aggravated robbery (with specifications), felonious assault, felonious assault (with specifications), robbery, escape, and having weapons under disability which resulted in an aggregate sentence of twenty-eight years, now being served in Respondent's custody. The Petition (Doc. No. 1, corrected by addition of signature at 16) pleads one ground for relief:

> **Ground One**: Petitioner's enhanced sentence was secured in violation of the Due Process Clause, U.S. Constitution.
>
> **Supporting Facts**: Under Ohio law the State trial court was only authorized to impose minimum and concurrent sentences to be served concurrently.

*Id.* On the Court's Order (Doc. No. 2), Respondent filed a Return of Writ (Doc. No. 5). Petitioner has filed no reply. Thus the Petition is ripe for decision. Moreover, Respondent raises no affirmative defenses, conceding that the Petition is timely and that Petitioner's Ground for Relief

-1-

has been properly exhausted and preserved for merit consideration in habeas.

Petitioner makes no argument in this Court as to why his sentence violates the Due Process Clause so the Court assumes he intends to raise here the same claim that he made on appeal to the First District Court of Appeals. That court's ruling was as follows:

> In his final assignment of error, Gore asserts that the sentences imposed by the trial court violated his rights under the Due Process Clause and Ex Post Facto Clause of the United States and Ohio Constitutions. We have addressed and rejected similar arguments in State v. Bruce, [170 Ohio App. 3d 92, 2007-Ohio-175, 866 N.E. 2d 44 (Ohio App. 1st Dist. 2007)] We overrule Gore's assignment of error based on that authority.

*State v. Gore*, Case Nos. C-060742 & C-060743 at (Ohio App. 1st Dist. Sept. 26, 2007)(copy attached to Petition.) In order to appreciate what arguments Petitioner made in support of his claim, this Court must examine his brief on appeal. There his counsel made the following argument:

> IV. Fourth Assignment of Error:
>
> THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT AS SUCH SENTENCE VIOLATED APPELLANT'S RlGHTS UNDER THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS. (Trial No. B0508374: Td. 79;Trial No. B0508618: Td. 110)
>
> Appellant submits that his sentence violated his rights under the ex post facto and due process clauses of the United States and Ohio Constitutions. See Art. I, Section 9, cl. 3; Art. I, Section 10, cl. 1. See also, *Rogers v. Tennessee* (2001), 532 U.S. 451 and *Bouie v. City of Columbia* (1964), 378 U.S. 347, 353-354, 84 S.Ct. 1697.
>
> Appellant is mindful of this Court's recent decision of *State v. Jeffrey Bruce* wherein this Court held that it could not overrule the Ohio Supreme Court's decision in *Foster* and further, it did not have jurisdiction to declare *Foster* unconstitutional. *State v. Bruce* (January 19,2007), Hamilton App. No. C060456. However, given the length of Appellant's sentence, and the fact that pre-*Foster*, Appellant

> would have had to receive the minimum terms of incarceration, as he never served a prior prison term, or at least not the maximum terms, he must preserve this issue for appeal to this Court and beyond.

(Appellant's Brief, Ex. 8 to Return of Writ, at 14-15.)

The Court of Appeals rejected this argument on the basis of its then-recent decision in *State v. Bruce*, 170 Ohio App. 3d 92, 2007-Ohio-175, 866 N.E. 2d 44 (Ohio App. 1st Dist. 2007). In *Bruce*, the appellant had objected that the retroactive application of the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), to persons who had committed offenses before *Foster* was decided, was unconstitutional under both the Ex Post Facto and Due Process Clauses of the United States Constitution. In rejecting those claims, the court held:

> Moreover, the application of *Foster* to this case does not violate ex post facto and due process concepts. The Ex Post Facto Clause is a limitation on legislative powers. *Rogers v. Tennessee* (2001), 532 U.S. 451, 456, 121 S. Ct. 1693, 149 L. Ed. 2d 697. It does not apply to the "Judicial Branch of government," *Id.*; "courts," *Id.* at 460; or "judicial decisionmaking." *Id.* at 462. Retroactive judicial decision-making is limited by the due process concept of fair warning, not by the Ex Post Facto Clause. *Id.* at 459 With respect to judicial decisions, fair warning is violated when the judicial interpretation is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue."
>
> * * *
>
> The application of *Foster* to Bruce's sentencing does not violate due process for another reason. *Foster* did not change the elements of voluntary manslaughter. Nor did it change the potential punishment of three to ten years' incarceration for the offense. Bruce was aware that his sentence within this range would depend on statutory considerations by the trial court. These considerations have not changed. As a result, Bruce was aware of the possible punishment he faced when he committed the offense and his due process rights were not violated.

*State v. Bruce*, 170 Ohio App. 3d 92 at ¶¶ 8 & 11 (note omitted in ¶ 11). Thus Petitioner Gore made

the same arguments in his third assignment of error on appeal as Bruce had made in his case and the court of appeals rejected them for the same reasons.

When a state court passes on the merits of a federal constitutional claim later raised in habeas corpus, the Antiterrorism and Effective Death Penalty Act of 1996 requires a level of deference to the state court decision. The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495

> (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

Therefore the question before this Court is whether the First District Court of Appeals application of clearly established Supreme Court law was objectively unreasonable. This Court concludes it was not.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court determined that any fact which increases a sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio

Supreme Court held that *Blakely* renders the 1996 Ohio sentencing scheme, which required judicial factfinding to impose more than minimum concurrent sentences, was unconstitutional. However, in fashioning a remedy for the unconstitutionality, the Ohio Supreme Court eliminated ("severed") the provisions requiring judicial factfinding and allowed Ohio judges to impose any sentence which was within the statutory maximums for the offenses of conviction.

It has been argued repeatedly in this and other Ohio federal courts, as Petitioner argues here, that the impact of applying *Foster* to persons who committed offenses before *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Ohio Supreme Court has rejected this claim and the related claim that *Foster* eliminated the authority to impose consecutive sentences in Ohio. *State v. Elmore*, 122 Ohio St. 3d 472 (2009). This Court has also repeatedly held that the Ohio Supreme Court's severance decision in *State v. Foster* does not violate the *Ex Post Facto* Clause or the Due Process Clause. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2, 2009)(Beckwith, J.).

In *Bouie v. City of Columbia*, 378 U.S. 347 (1964) the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry.

However, in *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court distinguished *Bouie* and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Rogers* the Tennessee

Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault. The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights. In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass

statute which is applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. That is the most radically unfair sort of retrospective state action: criminalizing primary conduct when it is too late for the subject to conform his conduct to the prohibition. Nothing of the sort happened here. Petitioner was convicted of crimes whose elements were well known prior to his acting; no surprise interpretation brought his behavior within the criminal statutes. Moreover, the maximum sentences for these offenses were not changed by *Foster* and Petitioner was sentenced within the statutory maximum.

With respect to consecutive sentences, the Supreme Court has held the *Apprendi-Blakely* line of cases does not apply because imposing consecutive sentences was always within the discretion of trial judges. *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009).

**Conclusion**

Thus the Court concludes the Court of Appeals decision is not an objectively unreasonable application of the clearly established in *Blakely, Bouie,* and *Rogers.* The Petition should therefore be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

March 22, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Gore Habeas Merits R&R.wpd