# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BRIAN GORE,

                             :

        Petitioner,                      Case No. 1:09-cv-133

                             :        District Judge S. Arthur Spiegel
      -vs-                            Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional Facility,
                             :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Gore's Objections (Doc. No. 22) to the Magistrate Judge's Report and Recommendations (Doc. No. 20) recommending that the Petition be dismissed with prejudice. The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

Mr. Gore is serving a twenty-eight year sentence on convictions in the Hamilton County Common Pleas Court on counts of aggravated robbery (with specifications), felonious assault, felonious assault (with specifications), robbery, escape, and having weapons under disability. which resulted in an aggregate sentence of twenty-eight years, now being served in Respondent's custody. He pleads one ground for relief:

> **Ground One**: Petitioner's enhanced sentence was secured in violation of the Due Process Clause, U.S. Constitution.
>
> **Supporting Facts**: Under Ohio law the State trial court was only

> authorized to impose minimum and concurrent sentences to be served
> concurrently.

(Petition, Doc. No. 1.)

Because Petitioner made no particular argument as to why his sentence violates the Due Process Clause, the Court assumed he intended to raise here the same claim that he made on appeal to the First District Court of Appeals. The original Report recites that argument and the decision of the First District Court of Appeals rejecting it. Essentially, the Court of Appeals relied on its then-recent decision in *State v. Bruce*, 170 Ohio App. 3d 92, 2007-Ohio-175, 866 N.E. 2d 44 (Ohio App. 1st Dist. 2007), rejecting the claim that the retroactive application of the Ohio Supreme Court's decision in *State v. Foster,* 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), to persons who had committed offenses before *Foster* was decided, was unconstitutional under both the Ex Post Facto and Due Process Clauses of the United States Constitution. The Magistrate Judge concluded that that decision was not objectively unreasonable, noting that this Court has repeatedly held that the Ohio Supreme Court's severance decision in *State v. Foster* does not violate the *Ex Post Facto* Clause or the Due Process Clause, citing *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2, 2009)(Beckwith, J.).

In his Objections, Mr. Gore does not take issue with any of this analysis. Instead, he objects that the Magistrate Judge did not conduct a *sua sponte* analysis of the subject matter jurisdiction of both this and the Common Pleas Court (Objections, Doc. No. 22, PageID 284). He of course concedes the jurisdiction of this Court – he is, after all, the party invoking it. But he denied that the Common Pleas Court had jurisdiction and asserts this is a basis for invalidating his conviction. *Id.*

Because this is a new argument, made for the first time in the Objections, it requires fresh analysis.

This Court has undoubted subject matter jurisdiction in habeas corpus to consider whether a prisoner within its territorial jurisdiction is confined in violation of the United States Constitution. 28 U.S.C. §§ 2241, 2254. Petitioner is in custody within the District and claims to be confined in violation of the U. S. Constitution.

Mr. Gore's theory is that the Hamilton County Common Pleas Court did not have jurisdiction, relying on *State v. Payne*, 114 Ohio St. 3d 502, 873 N.E. 2d 306 (2007). Mr. Gore argues that, because of *Payne*, he could only have been sentenced to more than minimum and concurrent sentences if the indictment in his case "alleged additional sentencing elements/factors that allowed same" and notes that his indictment does not do so (Objections, Doc. No. 22, PageID 284).

Petitioner was indicted in August and September, 2005, and the cases were combined for trial
(Return of Writ, Doc. No. 5, PageID 82-83, 85-88, 89). Sentence was not imposed until August 30, 2006. *Id.,* PageID 90-94. The portions of Ohio Rev. Code § 2929.14 requiring minimum and concurrent sentences in the absence of certain findings of fact by the judge were omitted from the indictments and not proved to a jury. There are also no findings such as Ohio Rev. Code § 2929.14 required in Judge Nelson's judgment entries. However, between the indictments and the convictions in this case, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), which declared those sections of the Ohio Revised Code unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and then excised them from the Code by severance. The effect of *Foster* is that trial judges recovered their prior discretion to sentence offenders to more than

minimum and consecutive sentences without any justifying findings of fact.

Petitioner recognizes that *Foster* purports to deal with the problem he raises but he claims that *Foster* violates Article I, § 18 of the Ohio Constitution. However, Petitioner never made that claim in the Ohio courts (See Brief of Defendant/Appellant, Exhibit 8 to Return of Writ, PageID 97 et seq.) Even if he were correct in that argument, this Court could not grant him relief on that basis because federal courts are only empowered to remedy **federal** constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

But, says Mr. Gore, there is a federal constitutional violation here, according to the following chain of logic.

1. In Ohio an indictment which does not contain all the elements of the crime does not confer jurisdiction on the trial court, citing *State v. Cimpritz,* 158 Ohio St. 490, 110 N. E. 2d 416 (1953), and *Stewart v. State*, 41 Ohio App. 351, 181 N.E. 111, 1932 Ohio App. LEXIS 392 (Ohio App. 4th Dist. 1932).

2. Under the United States Constitution, any fact which must be proved to impose a sentence above the facts necessary to constitute the underlying offense must be treated as if it were an element of the crime and therefore included in the indictment and be proven to a jury beyond a reasonable doubt.

3. The facts necessary to increase a sentence above the statutory minimum and to authorize consecutive sentences – element-like facts under federal constitutional analysis – were not included in the indictment in this case. Therefore the Common Pleas Court did not have jurisdiction and its judgment is void.

The difficulties with this argument are many. In the first place, there is no rule of federal constitutional law that an indictment or other charging instrument which does not contain all the "elements" of the offense or all the element-like facts which must be proved does not confer jurisdiction on a state court. In *United States v. Cotton*, 535 U.S. 625 (2002), the Supreme Court held that failure to charge the amount of drugs in the indictment is error. However, it also held omission of an element is not jurisdictional, overruling *Ex parte Bain*, 121 U.S. 1 (1887). The Court also held as a matter of federal law that it is not plain error; if not raised in the district court, it cannot be raised on appeal because it is waivable and therefore also forfeitable. *Id.* This is essentially the same holding made by the Ohio Supreme Court as a matter of Ohio law in *State v. Payne, supra.* Here is Mr. Gore's second difficulty: because he did not raise this claim in the Hamilton County Common Pleas Court, he waived it as a matter of state law, as held in *Payne*.

The third difficulty with Mr. Gore's argument is that it does not apply to consecutive sentencing. Because common law judges, as opposed to juries, always had power to impose consecutive sentences, the *Apprendi/Blakely* line of cases does not apply to consecutive sentences. *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009).

Finally, this claim that the Common Pleas Court did not have jurisdiction was never raised in the state courts at all and never raised in this Court until the Objections. Thus this claim has been procedurally defaulted. See *Coleman v. Thompson*, 501 U.S. 722, 749 (1991).

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis*

and any requested certificate of appealability.

April 21, 2010.

s/ **Michael R. Merz**

United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Gore Habeas Merits SuppR&R.wpd