```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

```
BRIAN GORE,                        :
                                   :
         Petitioner,               :    NO. 1:09-CV-00133
                                   :
    v.                             :
                                   :    OPINION AND ORDER
WARDEN, LEBANON CORRECTIONAL       :
FACILITY,                          :
                                   :
         Respondent.               :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendations (doc. 20), Petitioner's Objections (doc. 22), and the Magistrate Judge's Supplemental Report and Recommendations (doc. 23). Although Petitioner requested more time to respond to the Magistrate Judge's Recommendations (doc. 24), which the Court granted, such time for any response has long since lapsed and this matter is ripe for the Court's consideration. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations in all respects, and therefore DENIES with prejudice Petitioner's Petition for Writ of Habeas Corpus (doc. 1).

**I.   Background**

Petitioner was convicted in the Hamilton County Ohio Court of Common Pleas on counts of aggravated robbery with specifications, felonious assault, felonious assault with specifications, robbery, escape, and having weapons under a

disability (doc. 20).  The trial court sentenced Petitioner to an aggregate sentence of twenty-eight years (Id.).

Petitioner now challenges his sentence with a One-Ground Petition for Habeas Corpus, contending his "enhanced sentence was secured in violation of the Due Process Clause, U.S. Constitution" (doc. 1).  Petitioner claims that under Ohio law, the state trial court was only authorized to impose minimum and concurrent sentences to be served concurrently (Id.).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reviewed Petitioner's claim and reasonably assumed that Petitioner was raising the same claim his Counsel made on appeal, that the severance remedy that the Ohio Supreme Court set forth in State v. Foster, 109 Ohio St. 3d 1 (2006), violates the ex post facto doctrine and the Due Process Clause of the United States Constitution (doc. 20). Specifically, when Petitioner committed his offenses, factual findings were mandated by the Ohio Revised Code before non-minimum, maximum and/or consecutive sentences could be imposed (Id.).  Subsequent to Foster, those findings were excised from Ohio sentencing proceedings, such that Petitioner claimed he was deprived of procedural protections afforded by the findings (Id.).

The Magistrate Judge reviewed the record, found the Court of Appeals rejected Petitioner's Foster-related argument, noting that Petitioner had notice of the penalties he could face when he

2

committed the offenses, and had "fair warning" of such penalties both before and after Foster (Id.). The Magistrate Judge concluded the Court of Appeals was not objectively unreasonable in its decision, noting that both the Ohio Supreme Court and this Court have upheld Foster, finding no violation of ex post facto or due process principles (Id.).

The Court agrees that Petitioner cannot prevail on any claim that the application of the Foster remedy on his sentencing violated federal constitutional ex post facto principles. Wright v. Lazaroff, 643 F. Supp.2d 971, 1003-05 (S.D. Ohio, 2009), Smith v. Brunsman, 626 F. Supp.2d 786, 793-95 (S.D. Ohio 2009), Kelley v. Brunsman, 625 F. Supp.2d 586, 606-08 (S.D. Ohio 2009), Ohio v. Elmore, 912 N.E.2d 582, 584 (Ohio, 2009)(resentencing pursuant to Foster for offenses that occurred prior to Foster does not violate the Sixth Amendment right to jury trial or Ex Post Facto or Due Process Clauses of the United States Constitution). Ex post facto concerns are not triggered in this case, because the clause "does not of its own force apply to the Judicial Branch of government" Hooks v. Sheets, 603 F.3d 316, 321 (6th Cir. 2010). Although due process concerns can apply to retroactive judicial decision-making, Bouie v. City of Columbia, 378 U.S. 347, 351, 52, 54-55 (1964), such concerns are only triggered where Petitioner could show he lacked notice or fair warning of potential penalties he faced (Id.). Because Petitioner has not and cannot make such a showing

3

here, there is no basis for such a claim.

### III. Petitioner's Objection and the Magistrate Judge's Supplemental Report

Petitioner did not take issue with any of the Magistrate Judge's Foster analysis, but rather objected that the Magistrate Judge did not conduct a sua sponte analysis of the jurisdiction of both this and the Hamilton County Court of Common Pleas (doc. 22). The Magistrate Judge offered a complete and detailed analysis of the difficulties with Petitioner's argument, which the Court incorporates by reference (doc. 23).  However, even absent such excellent analysis, it is clear that Petitioner never raised his theory that the Common Pleas Court lacked jurisdiction in the state courts, and therefore such claim is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991).  Clearly, too, as the Magistrate Judge noted, Petitioner himself invokes the jurisdiction of this Court, which is a proper forum for his Petition.  28 U.S.C. § 2254 (a).  The Court finds no basis to Petitioner's jurisdictional objection.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

**IV. Conclusion**

Having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations thorough, well-reasoned, and correct. The Court finds Petitioner's Objections lacking in merit. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 20, 23), and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1) with prejudice. The Court further FINDS that a certificate of appealability should not issue with respect to the Petition because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. 28 U.S.C. §2253(c), Fed. R. App. P. 22(b). Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal _in forma pauperis_, an appeal of this Order would not be taken in good faith and therefore the Court DENIES Petitioner leave to appeal _in forma pauperis_ upon a showing of financial necessity. Fed. R. App. P. 24(a); _Kincade v. Sparkman_, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 22, 2011  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge

5